IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROYSCE HAYNES | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5206 |
| | : | |
| SUPERINTENDENT CAPOZZA, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                      **November 9, 2020**

Pro se Petitioner Roysce Haynes seeks collateral review of his state court conviction for two counts of third-degree murder stemming from an altercation in which he killed his pregnant girlfriend. In his habeas corpus petition, Haynes makes four arguments: (1) his "arrest must stand upon firmer ground"; (2) his *Miranda* rights were violated by an interrogation without counsel present; (3) his trial attorney failed to inform the jury on evidentiary law and failed to call a witness during the pretrial hearing to testify regarding his alleged coercion; and (4) the trial and PCRA courts erred in dismissing his amended PCRA petition. Upon reviewing Haynes's petition, United States Magistrate Judge Thomas J. Rueter issued a Report and Recommendation (R&R) recommending this Court deny Haynes's petition because his claims are procedurally defaulted and are nonetheless meritless. Haynes objects to the R&R by restating many of the arguments in his petition and arguing the R&R erred in finding procedural default. Because the Court concludes upon independent review of Haynes's petition that his claims are procedurally defaulted or meritless, the Court will approve and adopt the R&R, overrule Haynes's objections, and deny his petition without an evidentiary hearing.

## BACKGROUND

On September 10, 2012, Philadelphia Probation and Parole Officers Shondell Williams and Evan Mathis visited Haynes at his apartment. As they approached, the officers saw Haynes sitting

1

on the stoop with his head lowered. He appeared stunned and unresponsive. When asked whether to police should be called, Haynes replied "yes." Officers also looked inside the apartment and immediately saw a body in the middle of the floor covered with a blanket. The officers then handcuffed Haynes and called 911.

While the officers waited for police, Haynes spoke candidly about what happened. He stated his girlfriend was cheating on him and that he did not believe the baby belonged to him. *See* Trial Tr. vol. 1, 94:1–5. He also stated, "it" happened the day before. *See id.* 95:17–25. Both officers later spoke with homicide detectives and gave a statement regarding their interaction with Haynes.

Responding to the officers' 911 call, Philadelphia Police Officer Jonathan Ransom arrived on the scene. When he arrived, Haynes was sitting in the back of the probation officers' car. Haynes then told Ransom he had been in an argument with Atiya Perry, it became physical, and he ultimately choked her. *See* Trial Tr. vol. 1, 36:3–18. Ransom then entered the apartment and found Perry lying on the floor, deceased. *See id.* 37:6–40:12.

Haynes later gave a statement to Detective Edward Tolliver and Detective Spotwood[1] at the police station. After Tolliver advised and warned Haynes of his constitutional rights, Haynes acknowledged killing Perry. Haynes also stated Perry tried to use pepper spray against him and that he did not believe she was pregnant. As part of the statement Haynes gave to Tolliver, Haynes completed a *Miranda* form, signing off that he understood his legal rights. *See* Commonwealth's Ex. 12.

---

[1] Although Detective Tolliver testified that Detective Spotwood was present for the interrogation, there is no indication of Detective Spotwood's full name in the record provided to the Court.

At trial, among other evidence, the Commonwealth introduced the testimony and statements of the probation officers, Officer Ransom, and Detective Tolliver. During Detective Tolliver's testimony, Haynes's statement was admitted into evidence. The jury ultimately found Haynes guilty of two counts of murder in the third-degree for killing Perry and her unborn child.

The trial court sentenced Haynes on July 1, 2014, and Haynes and the Commonwealth timely appealed. Both parties argued the sentence imposed was illegal. Haynes's only argument on direct appeal was premised on whether the trial court had ordered a "manifestly excessive sentence" or failed to consider his mental health needs. The Superior Court denied both appeals and affirmed Haynes's sentence on October 5, 2015. *See Commonwealth v. Haynes*, 125 A.3d 800, 809 (Pa. Super. Ct. 2015). The Pennsylvania Supreme Court denied Haynes's appeal on June 1, 2016. *See Commonwealth v. Haynes*, 636 Pa. 638, 638 (2016).

On September 29, 2016, Haynes filed a pro se petition for state collateral relief under Pennsylvania's Post Conviction Relief Act (PCRA). He later filed an amended petition through appointed counsel. In the petitions, Haynes raised a single claim: ineffective assistance of trial counsel for failure to challenge the admission of his confession to Detective Tolliver. *See* PCRA Op. 3, Aug. 17, 2014.

The PCRA court denied Haynes's petition because Haynes was unambiguously advised of his rights, he waived those rights, and there was no evidence that Haynes invoked his right to remain silence or to an attorney and was denied those rights. *See id.* at 6. The PCRA court also determined Haynes could not establish he was prejudiced by his trial counsel's alleged failure because the evidence from his confession was presented to the jury through the probation officers and Officer Ransom's testimony. *See id.* at 6–7.

Haynes appealed the dismissal of his petition. The Superior Court adopted the PCRA court's opinion and affirmed the dismissal of Haynes's petition. *See Commonwealth v. Haynes*, No. 3170 EDA 2017, 2018 WL 4907653, at *1–2 (Pa. Super. Ct. Oct. 10, 2018). The Pennsylvania Supreme Court subsequently denied Haynes's petition for appeal.

Haynes now petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Haynes makes four claims. First, he argues he was improperly arrested because police lacked probable cause. Second, he asserts his *Miranda* rights were violated by an interrogation without counsel present. Third, he contends his trial attorney was ineffective because the attorney failed to inform the jury on evidentiary law and failed to call a witness during the pretrial hearing to testify regarding coercion. Finally, Haynes asserts the trial and appellate courts erred in dismissing his amended PCRA petition because they failed to consider expert and investigative witnesses who analyze data from police departments.

Reviewing Haynes's petition, United States Magistrate Judge Thomas J. Rueter issued an R&R recommending Haynes's petition be denied because his claims were procedurally defaulted and meritless. Haynes filed four objections to the R&R. In his first objection, he again asserts that his arrest lacked probable cause because he did not have a gun and was merely silent when officers approached him. His second objection states the R&R and state courts failed to consider that Detective Spotwood had a gun during his interrogation along with other evidence of coercion. In his third objection, Haynes contends his ineffective assistance of counsel claim is not procedurally defaulted because he raised it before the Superior Court on appeal of his PCRA petition denial. And in his fourth objection, Haynes argues his fourth claim—regarding the consideration of investigative data—is not procedurally defaulted because he raised it in a letter to his PCRA counsel.

**DISCUSSION**

Because Haynes's claims are procedurally defaulted, and the R&R made no error in concluding so, the Court will deny Haynes's petition. The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Because Haynes's first and second objection mirror his claims in the petition, the R&R sufficiently addressed those claims, and the Court agrees with the analysis therein, the Court will overrule these objections for the reasons stated in the R&R. The Court will briefly address Haynes's third and fourth objections in which he challenges the R&R's finding of procedural default.

The Court will overrule Haynes's third objection because his ineffective assistance of counsel claim is procedurally defaulted and the claim is nonetheless meritless. In this objection, Haynes contends he raised the claim on direct appeal and after his PCRA petition was denied. The record shows otherwise.

Haynes's ineffective assistance of counsel claim based on a failure to explain the evidentiary law, exclude evidence, and call witnesses was not presented to the state courts. On direct appeal, Haynes only challenged his sentence as "manifestly excessive." *See Haynes*, 125 A.3d at 801. In his PCRA petition and appeal of the denial of that petition, Haynes raised a single claim: ineffective assistance of counsel for failing to challenge the admissibility of his confession to police. *See* PCRA Op. 3l; *Haynes*, 2018 WL 4907653, at *2. In this habeas petition, Haynes claims ineffective assistance of counsel for failing to explain evidentiary law, move to exclude evidence, and call a private witness.[2] *See* Pet. 10. Although the claims are both ineffective

_____

[2] Although Haynes's claim is not clear on this point, it is possible to construe his claim as premised on these alleged failures affecting the admissibility of his confession (or his counsel's failure to move to suppress his confession). To the extent Haynes's claim does raise these issues in the

assistance of counsel, they are premised on different facts. *See McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir.1999) ("To 'fairly present' a claim, a petitioner must present a federal claim's *factual* and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." (emphasis added)). As a result, Haynes's claim in this petition was not fairly presented to the state courts. *See Bridges v. Beard*, 941 F. Supp. 2d 584, 593 (E.D. Pa. 2013)

---

context of his trial counsel's ineffectiveness for failing to suppress his confession, the Court concludes Haynes did present this claim to the state courts because it was raised in his PCRA petition, denied by the PCRA court, and affirmed by the Superior Court.

Although this claim was presented to the state courts, it nonetheless fails. To grant Haynes's petition on this claim, the Court must find that the PCRA court's denial of his claim "involved an unreasonable application of clearly established federal law." *Premo v. Moore*, 562 U.S. 115, 123 (2011). This is not the case here.

The PCRA court applied the *Strickland v. Washington* standard to his ineffective assistance of counsel claim. *See* PCRA Op. 4. It also applied a standard requiring a showing the motion to suppress would have been meritorious. *See id.* These standards comport with governing federal law. *See Premo*, 562 U.S. at 124 (stating that to establish deficiency on failure to move to suppress claim, petitioner must show "no competent attorney would think a motion to suppress would have failed").

Also, the PCRA court's application of these standards was reasonable. The court noted that Haynes made bald assertions that his *Miranda* warnings were ambiguous and coercive. Regardless, Haynes failed to show his confession was not made knowingly and voluntarily. The court thoroughly discussed the record regarding Haynes's *Miranda* waiver. Because the *Miranda* warnings were given using a standard police form which comported with constitutional standards, and Haynes signed an acknowledgement of each right, the court reasonably found a motion to suppress would not have been meritorious. Alternatively, the court noted Haynes could not establish prejudice because the evidence contained in his statement was presented to the jury with other evidence. *See* PCRA Op. 7. The Court finds these conclusions reasonable. As a result, the Court will deny relief on this claim even though it was properly exhausted before the state courts. *See Birch v. Kauffman*, No. 15-2626, 2019 WL 2016886, at *25 (E.D. Pa. Mar. 26, 2019), *report and recommendation adopted by*, No. 15-2626, 2019 WL 2011034 (E.D. Pa. May 6, 2019) (denying habeas relief on ineffective assistance of counsel claim premised on failure to move to suppress a confession in light of the "doubly deferential standard applicable in ineffective assistance of counsel claims under § 2254(d) and *Strickland*").

The R&R also addressed the lack of clarity in this claim and concluded it was meritless insofar as it asserts Haynes's confession and interrogation violated his *Miranda* rights. *See* R. & R. 20 ("To the extent that [Haynes] is arguing that his interrogation violated his Miranda rights, or that he was coerced, these issues have already been deemed meritless in [his] second claim."). The Court agrees with this conclusion and adopts the R&R's reasoning as to Haynes's second claim as well.

(stating claim must contain the same factual substance and finding exhaustion "only if [the petitioner] presented the 'substantial equivalent' of the current claim to the state court"), *as amended* (May 1, 2013), *aff'd sub nom. Bridges v. Sec'y of Pa. Dep't of Corr.*, 706 F. App'x 75 (3d Cir. 2017). The Court thus agrees with the R&R's conclusion that Haynes's third claim is procedurally defaulted and Haynes's third objection will be overruled.

On Haynes's fourth objection, in which he asserts he raised the need for investigative data in a letter to PCRA counsel, the Court concludes the claim is also procedurally defaulted. This claim was not raised on direct appeal or in his PCRA petition. Therefore, the state courts did not address Haynes's claim for investigative data from the police department. Although Haynes raised this issue in a letter to his PCRA counsel, the issue was not presented to the state courts because counsel stated the group with investigative data would not be funded by the courts. *See* Objs. Ex. C, App. A–C (correspondence between Haynes and PCRA counsel regarding investigative group). Regardless of Haynes's letter to counsel, the claim was not presented to the state courts to consider. The Court thus agrees with the R&R's conclusion that the claim is procedurally defaulted.[3] Haynes's final objection will be overruled.

**CONCLUSION**

In sum, the Court agrees with the R&R's conclusion that Haynes's claims are all procedurally defaulted or meritless. Accordingly, the Court will overrule Haynes's objections, approve and adopt the R&R, and deny Haynes's petition without an evidentiary hearing.

An appropriate order follows.

---

[3] Haynes has not provided any reason to find cause and prejudice or a miscarriage of justice to excuse his procedural default on any of his claims. Therefore, the Court does not consider such here.

BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.